IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,

        Plaintiff,                  No. CIV S-09-0569 KJM P

    vs.

CDCR, et al.,

        Defendants.          <u>ORDER TO SHOW CAUSE</u>

                               /

        Plaintiff is a state prisoner seeking relief under 42 U.S.C. § 1983.[1] The complaint was originally filed in the Superior Court of California for the County of Sacramento (Case No. 07AS04322). Defendants filed a notice of removal of action under 28 U.S.C. § 1441(b). Docket No. 2.

        Federal courts are under an independent obligation to examine their own jurisdiction, even if no objection is made to removal. See Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996). Consistent with this duty, the undersigned questions whether removal was procedurally defective, such that the action should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

---

[1] This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

1

1    The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Prize Frize v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006). The general rule is that all defendants in an action in a state court must join in a petition for removal. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). Although there are certain exceptions to the rule of unanimity, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266 (citations omitted); cf. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (noting that nominal, unknown, fraudulently joined, or not properly served defendants need not join in a petition for removal).

The notice of removal in the present case is filed on behalf of five defendants named in the original state court complaint. See Docket No. 2 at 1 ("Attorneys for Defendants Nunez, Anaya, Chavarria, Price, and Moreno"). The original state court complaint contains twelve named defendants. See Docket No. 2, Ex. A. The notice of removal does not contain any affirmative explanation as to why the remaining seven named co-defendants failed to join in consenting to removal, nor is any such explanation readily apparent from the documents filed as part of the notice.

Good cause appearing, IT IS HEREBY ORDERED that, within ten days of the date of this order, defendants show cause why the case should not be remanded to the Superior Court of Sacramento County.

DATED: April 28, 2009.

1/ar
walk0569.remand

_____
U.S. MAGISTRATE JUDGE