IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. 2:09-cv-0569-KJN P

<u>ORDER</u> and
<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed originally in the Sacramento County Superior Court on September 20, 2007 (Case No. 07AS04322). The case was removed to this court on February 27, 2009, and assigned to the undersigned on February 9, 2010 (Dkt. No. 11).[1] The notice of removal was filed by five of the twelve named defendants, specifically, Nunez, Anaya, Chavarria, Price, and Moreno, who paid the filing fee. Pursuant to order filed April 29, 2009, this court directed defendants to show cause why the case should not be remanded due to the failure of all defendants to join in the removal. (<u>See</u> Dkt. No. 6.) Defendants Woodford, Tilton, and Bourland thereafter consented to,

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

and joined in, the removal of this action, noting that remaining defendants California Department of Corrections and Rehabilitation ("CDCR"), Grannis, Rush and Ryan had not been served. (Dkt. No. 7.) The eight appearing defendants then responded to the court's order to show cause and argued that removal was now properly premised on the unanimous consent of all served defendants, that no purpose would be served by remand and, moreover, that the court was without power to remand more than thirty days after removal. (Dkt. No. 8.)

On May 15, 2009, plaintiff moved to remand this action to state court. (Dkt. No. 9.) He objected to the newly-filed consents on the ground that they could not operate retroactively, argued that defendants had tactically deprived plaintiff of the opportunity to serve process upon them all, and that defendants intentionally removed this action without unanimous consent in order to frustrate prosecution of this action. (Dkt. No. 9.) Defendants thereafter filed an opposition to plaintiff's motion. (Dkt. No. 10.)

Thus, presently pending before this court is defendants' response to this court's order to show cause, and plaintiff's motion to remand. Because defendants' response was both timely and substantive, the court will discharge the order to show cause. Remaining is the question whether this case should remain in federal court or be remanded to state court.

Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)). As a general rule, all defendants in the state court action must join in the petition for removal. United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). Although there are certain exceptions to

this rule of unanimity, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (class action) (citations omitted); cf., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (noting that nominal, unknown, fraudulently joined, or improperly served defendants need not join in a petition for removal).

Plaintiff's complaint is entitled, "Complaint for Damages, Injunctive and Declaratory Relief, Pursuant to: 42 U.S.C. §1983." (Dkt. No. 2, at 6.) Plaintiff contends therein that defendant prison officials and employees improperly denied him confidential telephone calls with his attorney and then, when plaintiff filed a grievance, retaliated by, inter alia, cuffing him during telephone calls and moving into his housing unit an inmate who posed a danger to plaintiff.[2] Plaintiff seeks damages under Section 1983, pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution, and also seeks damages and injunctive relief based upon several state law claims.

Thus, it is clear that this action satisfies the requirement for original federal subject matter jurisdiction under 28 U.S.C. § 1331, while plaintiff's state law claims may be considered pursuant to the court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367. This case therefore meets the threshold criteria for removal pursuant to 28 U.S.C. §1441(a).

However, there were significant procedural defects in the removal notice. Defendants have demonstrated neither their unanimous nor timely consent. "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. Hewitt v. City of Stanton, 798 F.2d 1230,

---

[2] Plaintiff is presently incarcerated at Mule Creek State Prison, but he challenges conduct that allegedly occurred in his prior place of incarceration. Although not clear from the complaint, it appears that location this may have been Calipatria State Prison, based on plaintiff's allegations against former Warden Stuart Ryan.

3

1233 (9th Cir.1986); <u>Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A Local 349</u>, 427 F.2d 325, 326-27 (5th Cir.1970); <u>see</u> <u>also</u>, <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921). This general rule applies only to defendants properly joined and served in the action. <u>See</u> <u>Salveson v. Western States Bankcard Ass'n.</u>, 731 F.2d 1423, 1429 (9th Cir.1984) (noting 'a party not served need not be joined' in a petition for removal)." <u>Emrich</u>, <u>supra</u>, 846 F.2d at 1193, n. 1. Thus, participation by unserved defendants is not required. <u>Id</u>. However, 28 U.S.C. § 1446(b) requires that the notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

It is not clear that all served defendants have now consented to removal. Counsel for defendants states only that the nonappearing defendants "have not been served." (Dkt. No. 8, at 5 (Douglas Decl. at ¶ 7).) Plaintiff claims that he mailed his complaint to every named defendant and thus all were timely served pursuant to California Code of Civil Procedure Section 415.30. This statute authorizes service of process by mail upon the persons enumerated in Sections 416.10 through 416.90 of the California Code of Civil Procedure. In pertinent part, these provisions provide that both state agencies and individuals with authorized service agents may be served by mail. Cal. Code Civ. Proc. §§ 416.50, 416.90. Thus, while service by mail does not appear adequate as to individual defendants Grannis, Rush and Ryan, who likely lack agents for service of process, it remains unclear why named defendant CDCR, which could properly be served by mail, considers itself unserved.[3]

Additionally, the belated consent to removal by defendants (more than 30 days after service of the complaint upon them) does not cure the unanimity deficiency. Counsel for defendants states only that, although defendants Woodford, Bourland and Tilton had been served when counsel filed the notice of removal, "[d]ue to a clerical oversight, service of these

---

[3] Although CDCR is not a proper defendant in a Section 1983 action, plaintiff alleges compliance with the requirements of the California Tort Claims Act, a prerequisite to pursuing his state tort claims against CDCR.

4

Defendants was not brought to my attention." (Dkt. No. 8, at 5 (Douglas Decl. at ¶ 4).) Untimely consent does not cure a removal defective for lack of unanimity. See, e.g., Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) ("[C]onsent must be manifested within the thirty day period beginning from the date upon which the non-petitioning defendant is served with the complaint"); Schwartz v. FHP Intern. Corp., 947 F. Supp. 1354, 1364 (D. Ariz. 1996) (failure of one defendant to timely join in removal notice failed to meet the unanimity requirement, rendering removal "improvident" and requiring remand of the case). Under routine circumstances, the proper procedure for remedying an unanimity defect in a removal notice is to permit amendment of the notice to name all proper defendants. Emrich, supra, 846 F.2d at 1193, n. 1; accord, Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir.1998),[4] cert. denied, 525 U.S. 1001 (1998) (allowing remand to the district court, instead of reversing and remanding to state court, to cure procedural defect prior to entry of judgment).

    Nonetheless, notwithstanding these procedural defects, plaintiff's failure to challenge the notice of removal within thirty days renders this court without power to remand. See, Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) (" [28 U.S.C.] § 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed"), citing Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir.1992) (failure to comply with the 30-day time limit deprives a district court of power to order a remand on the basis of a defect in removal procedure). Because plaintiff's motion to remand, based on alleged procedural defects rather than a lack of subject matter jurisdiction, was filed seventy-six days after the filing of the removal notice,[5] this court will recommend that plaintiff's motion for

---

[4] Superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (class action).

[5] Although the court docket indicates a filing date of May 15, 2010 (Dkt. No. 9), May 13, 2010 is the date on which petitioner, proceeding without counsel, signed and delivered the instant petition to prison officials for mailing (id. at 4). Pursuant to the mailbox rule, that date is

remand be denied.[6]

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The order to show cause filed April 29, 2009 (Dkt. No. 6) is discharged; and

2. The Clerk of Court is directed randomly to assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand this action (Dkt. No. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

walk0569.rmv

---

considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[6] Should the district judge adopt these findings and recommendations, the court will proceed substantively to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.