IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

No. 2:09-cv-0569 WBS KJN P

ORDER & FINDINGS AND
RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner at Mule Creek State Prison proceeding without counsel who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff initially filed this action on September 20, 2007, in the Superior Court of California for the County of Sacramento (Case No. 07AS04322). However, defendants were not served until January 27, 2009. (See Dkt. No. 1, at 2, ¶ 2.) On February 27, 2009, defendants paid the filing fee and removed the action to this court. On May 15, 2009, plaintiff filed a motion to remand this action to state court. The case was reassigned to the undersigned magistrate judge on February 9, 2010. On March 17, 2010, this court recommended that plaintiff's motion to remand be denied, which was adopted by the district judge on May 21, 2010. The case now proceeds in this court.

////

## II. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Background

Plaintiff alleges that, in September and October 2005,[1] defendant correctional counselors Rush and Anaya eavesdropped on, and monitored, plaintiff's confidential telephone calls with his attorney.  Plaintiff also alleges that these defendants arbitrarily shortened plaintiff's attorney calls, and then, when plaintiff filed a grievance, retaliated by cuffing plaintiff during his calls.  On November 9, 2005, plaintiff filed an administrative grievance against this practices, naming Rush and Anaya, who allegedly operated the "facility program office" that facilitated inmate telephone calls.

Plaintiff alleges that thereafter, on November 28, 2005, defendants Price (Correctional Captain) and Chavarria (Correctional Counselor II) conspired to place an inmate, who had previously been placed in administrative segregation for conspiring to assault plaintiff, back in plaintiff's facility, and that Chavarria attempted to obtain plaintiff's signature on a "128 Chrono" stating that plaintiff did not consider the inmate an enemy.  Plaintiff alleges that defendants Price and Chavarria made the reassignment in retaliation for plaintiff filing the above-noted administrative grievance, and "knew or should have known that placing that inmate back on the facility would result in Plaintiff being assaulted and placed in segregation." (Dkt. No. 2, at 13, ¶ 26.)

Plaintiff further alleges that on December 7, 2005, he was summoned to the office of defendant Price, who stated that he was investigating plaintiff's grievance.  Plaintiff alleges that Price intimidated and threatened plaintiff with statements such as:  "Don't play games on my yard.  Both green and blue said you are a troublemaker. . . . Just keep this in the back of your mind, the next time I hear you're playing games on my yard, you'll be the one in the hole!" (Dkt. No. 2, at 14-15, ¶ 29.)  "By 'green' and 'blue' Plaintiff understood Price to mean, 'staff' and

---

[1] It is not clear from the complaint at which correctional facility the challenged conduct allegedly took place, although the names of the defendants indicates it may have been Calipatria State Prison.

1 'inmates' respectively."  (Id.)

2  On December 22, 2005, plaintiff filed an administrative grievance against Price
3 alleging threats, intimidation and reprisals for plaintiff's use of the inmate appeals process.  The
4 grievance was denied by defendant Grannis (Chief, California Department of Corrections and
5 Rehabilitation ("CDCR") Inmate Appeals) on September 27, 2006.

6  Plaintiff alleges that on March 21, 2006, defendant Rush came to plaintiff's cell
7 and informed plaintiff that plaintiff would be allowed to conduct a call with his attorney; that
8 thereafter correctional officer Partida (not named as a defendant) came to plaintiff's cell and
9 informed him that plaintiff had to be handcuffed behind his back, on instructions from
10 defendants Rush and Chavarria.  Plaintiff alleges that Rush and Chavarria conspired to have
11 plaintiff handcuffed in retaliation for plaintiff filing administrative grievances.  On March 30,
12 2006, plaintiff was again allegedly handcuffed to engage in a telephone conversation with his
13 attorney, "while staff eavesdropped on the conversation."  (Id. at 16, ¶ 33.)

14  Plaintiff contends that CDCR's regulations authorize prisoners to make and
15 received confidential telephone calls with their attorneys, citing Section 3282, California Code of
16 Regulations, Title 15, Division 3 (Adult Institutions, Programs and Parole).  Plaintiff's
17 allegations against defendants CDCR, and former CDCR Secretaries Woodford and Tilton are
18 premised on their respective authority to promulgate the subject regulations.  (Id. at ¶¶ 4, 5, 35.)
19 Plaintiff alleges that defendant Ryan (Warden) was responsible for implementing and enforcing
20 these regulations, and that while he "exercised his discretion in approving Plaintiff's receipt of
21 telephone calls from his attorney," he "failed to properly supervise, instruct and train his agents
22 and employees in the proper application and implementation of § 3282, including but limited to,
23 implementing detailed local procedures . . . ."  (Id. at ¶¶ 7, 36.)  Plaintiff alleges that defendant
24 Nunez (Litigation Coordinator), acting as a designee of Ryan, "approved each telephone call
25 between Plaintiff and his attorney" (id. at ¶¶ 9, 37), while defendant Moreno ("Office Tech" to
26 Litigation Coordinator) communicated Ryan's decisions to defendants Rush, Anaya and

1  Chavarria (id. at ¶¶ 10, 38). Plaintiff alleges that defendants CDCR, Woodford, Tilton, Ryan and
2  Nunez authorized the challenged "illegal de facto policy, custom and practice," by failing to
3  properly educate train, control and supervise their subordinates to conform with CDCR
4  regulations. (Id. at ¶¶ 47-50.) Plaintiff contends that defendant Price acted as an agent for
5  defendants Ryan, Woodford, Tilton and CDCR, by inadequately investigating plaintiff's
6  administrative grievances, and that defendant Chavarria acted as an agent for defendants Ryan,
7  Woodford, Tilton and CDCR, by authorizing the conduct of his subordinates Rush and Anaya.
8  Plaintiff alleges that defendants Ryan, Bourland (Chief Deputy Warden), Nunez, Rush, Anaya
9  and Moreno conspired to improperly monitor his calls in order to gain unfair advantage over
10 plaintiff's then-pending litigation, falsely premising their actions on "security reasons."

   Plaintiff alleges that he has exhausted his administrative remedies and that he timely filed a claim pursuant to the California Tort Claims Act that was deemed rejected by operation of law. (Id. at ¶¶ 51-52.)

   Plaintiff seeks damages under Section 1983, pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution, and also seeks damages and injunctive relief based upon several state law claims.

   On April 12, 2006, plaintiff was transferred to Mule Creek State Prison, where he remains incarcerated. Plaintiff states that "[w]hile there, Plaintiff received confidential call[s] from his attorney on several occasions between April 28, 2006 and the present. Each call was monitored and eavesdropped on by staff." (Id. at ¶ 34.)

Discussion

   Plaintiff makes six legal claims. The first claim, against all defendants, combines plaintiff's claims that his rights to privacy, due process, and to petition the government for redress of grievances were violated under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Article I of the California Constitution. Plaintiff's five remaining claims assert an amalgam of alleged violations of state statutory and constitutional law against

various defendants.

Liberally construed, the court finds that plaintiff states potentially cognizable claims against defendants Rush, Anaya, Price, Chavarria, Ryan, Bourland, and Nunez, but not against CDCR, Woodford, Tilton, Grannis, or Moreno. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted). Plaintiff's allegations do not include the requisite causal connection as to defendants CDCR, Woodford, Tilton or Grannis. However, for present purposes, such causal connection may reasonably be inferred as to Warden Ryan and Deputy Warden Bourland, both presumably responsible for implementing and enforcing their institution's telephone protocol. In contrast, defendant Moreno, allegedly a subordinate of Nunez who merely communicated Ryan's decisions, appears to have lacked any authority to sustain any claim against her.

The court will not, at this time, attempt to clarify and assess the merits of plaintiff's various claims against defendants Rush, Anaya, Price, Chavarria, Ryan, Bourland, and Nunez. Rather, the court will direct these defendants to file a responsive pleading to the complaint, which may include, if appropriate, a motion pursuant to Fed. R. Civ. P. 12, and the undersigned recommends dismissal of the remaining defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Rush, Anaya, Price, Chavarria, Ryan, Bourland, and Nunez, shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

2. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110, shall be briefed pursuant to Local Rule 230(*l*).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

         3.  If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 230 in lieu of Local Rule 230(*l*).  In the absence of a court order granting such a request, the provisions of Local Rule 230(*l*) will govern all motions described in #7 above regardless of plaintiff's custodial status.  See Local Rule 102(d).

         4.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

      5. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the truth and the defendant's motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or

unopposed, is granted, judgment will be entered for such defendant without a trial and the case will be closed as to that defendant.

      6. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

      7. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Pursuant to Local Rule 182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

      8. The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

      9. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. Fed. R. Civ. P. 11; Local Rule 110.

      In addition, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

      1. Defendants CDCR, Woodford, Tilton, Grannis, and Moreno, be dismissed from this action without prejudice.

////
////
////
////
////
////
////

2. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

walk0569.scrn