IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,

        Plaintiff,                    No. 2:09-cv-0569 WBS KJN P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in this civil rights action. On March 22, 2012, this court issued an order which, in part, dismissed some of plaintiff's claims for failure to exhaust administrative remedies. (See Dkt. No. 35; see also Dkt. No. 34 at 9-10.) Thereafter, the magistrate judge directed defendants to file a responsive pleading to plaintiff's First Amended Complaint. (Dkt. No. 38.) Defendants did not file a responsive pleading, although the time for doing so has expired. Normally, the court would issue an order to show cause directing defendants to explain their dilatory conduct. However, due to a recent decision of the Ninth Circuit Court of Appeals, plaintiff must be accorded an additional opportunity to address the substance of this court's dismissal of his claims based on a failure to exhaust administrative remedies, before requiring defendants to file a responsive pleading.

The Ninth Circuit Court of Appeals recently held that all prisoners proceeding pro se must be provided *contemporaneous* notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, as set forth in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  See Woods v. Carey, 684 F.3d 934, 936 (9th Cir. July 6, 2012 ).  The Ninth Circuit rejected this district's practice of providing the Wyatt notice at the time the court issues an order directing the United States Marshal to serve process on defendants.  Woods v. Carey, 684 F.3d at 940-41.

In the instant action, a Wyatt notice was never provided.  Because this action was removed by defendants from state court, this court had no occasion to order service of process on defendants.  Moreover, defendants did not provide a Wyatt notice when they filed their motion to dismiss.

To comply with Woods v. Carey, the court now provides plaintiff with the requisite notice, and accords plaintiff the opportunity to re-open defendant's motion to dismiss, and the court's order thereon, for the limited purpose of re-assessing the dismissal of some of plaintiff's claims for failure to exhaust administrative remedies.  Plaintiff should pursue this option only if he has pertinent evidence, declarations, or affidavits that were not previously presented in opposition to the motion to dismiss relevant to the issue of administrative exhaustion.  If plaintiff requests that this issue be re-opened, the court will allow plaintiff additional time to file a new opposition, and defendants the opportunity to file a reply.  If plaintiff decides not to pursue this option, the court's March 22, 2012 order will remain intact, and the court will order defendants to serve and file a pleading responsive to plaintiff's First Amended Complaint.

////
////
////
////

In accordance with Woods v. Carey, plaintiff is now provided the following notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies:

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.14 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, your unexhausted claims will be dismissed. If you exhaust administrative remedies for your claims at a later date, you may raise those claims in a new action.

In deciding whether to re-open the motion to dismiss, plaintiff should consider whether he previously submitted, and the court previously considered, the materials identified in the Wyatt notice. If plaintiff chooses to re-open the motion to dismiss, a briefing order will issue on the question of administrative exhaustion only.

////

////

////

3

1    Accordingly, IT IS HEREBY ORDERED that, within thirty days after the filing
2 date of this order, plaintiff shall file the attached notice of election form indicating whether he
3 wishes to re-open the court's decision on defendants' motion to dismiss, on the question of
4 administrative exhaustion only.  Plaintiff's express election to forego this option, or failure to
5 timely respond to this order, shall be construed as plaintiff's waiver to the defects in the timing of
6 the Wyatt notice, and defendants will be ordered to file a pleading responsive to plaintiff's First
7 Amended Complaint.
8 DATED:   November 14, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

walk0569.woods.wyatt.ntc.priority

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,
        Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

No. 2:09-cv-0569 WBS KJN P

NOTICE OF ELECTION

Plaintiff responds as follows to the court's order concerning the notice requirements set forth in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003):

\_\_\_\_ Plaintiff chooses to reopen the May 2, 2011 motion to dismiss (Dkt. No. 22), and the court's order thereon (Dkt. No. 35), for the limited purpose of reassessing the exhaustion of plaintiff's administrative remedies

OR

\_\_\_\_ Plaintiff waives the notice requirements set forth in the above-noted cases, and chooses to proceed on his First Amended Complaint (Dkt. No. 36)

_____      _____
Date                                                           Plaintiff