IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. JAMEL WALKER,

        Plaintiff,                    No. 2:09-cv-0569 WBS KJN P

        vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.             ORDER

/

        Plaintiff is a state prisoner proceeding without counsel. On November 15, 2012, this court informed plaintiff that, pursuant to the Ninth Circuit's recent ruling in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), prisoners proceeding without counsel must be provided *contemporaneous* notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies, as set forth in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). (Dkt. No. 39.) This requirement applies to all pending cases. Because defendants did not provide such notice to plaintiff when they filed their motion to dismiss, the court accorded plaintiff the opportunity to re-open defendants' motion "for the limited purpose of re-assessing the dismissal of some of plaintiff's claims for failure to exhaust administrative remedies." (Id. at 2.) On December 14, 2012, plaintiff requested that the motion be re-opened for reconsideration of these limited matters. (Dkt. No. 41.)

Accordingly, in light of Woods, the February 22, 2012 findings and recommendations (Dkt. No. 34), and the March 22, 2012 order adopting the findings and recommendations (Dkt. No. 35), are vacated in part. The court vacates the dismissal of the following First Amendment retaliation claims (as set forth in plaintiff's original complaint) against defendants Price, Chavarria, and Rush, as described by the magistrate judge in his findings and recommendations (Dkt. No. 34 at 9-10):

> 1. That, on November 28, 2005, defendants Price and Chavarria allegedly retaliated against plaintiff for filing his November 9, 2005 grievance (Log No.CAL-05-02249), by conspiring to place an inmate, who had previously been administratively segregated for conspiring to assault plaintiff, back into plaintiff's facility; that defendants Price and Chavarria "knew or should have known that placing that inmate back on the facility would result in Plaintiff being assaulted and placed in segregation." (Cmplt. ¶¶ 22-26.)
>
> 2. That, on March 21, 2006, and March 30, 2006, defendants Rush and Chavarria allegedly retaliated against plaintiff for filing his November 9, 2005 grievance (Log No. CAL-05-02249), by ordering another correctional officer (Partida) to handcuff plaintiff during his telephone calls with his attorney. (Cmplt. ¶¶ 31-33.)

These claims are narrowly limited to the allegation that defendants Price, Chavarria, and Rush, retaliated against plaintiff for filing his November 9, 2005 administrative grievance (Log No. CAL-05-02249). These claims are distinct from the retaliation claims that currently proceed in this action based on the court's finding they were administratively exhausted.[1]

////

////

---

[1] The First Amendment retaliation claims previously found to be administratively exhausted, and are therefore not at issue in the re-opening of the motion to dismiss, are as follows:

> 1. That defendants Ryan, Nunez, Chavarria, Anaya and Rush allegedly interfered with plaintiff's right to make confidential attorney calls, in retaliation for plaintiff pursuing a separate civil rights action, Walker v. Gomez, et al., Case No. 03:96-cv-0609 PCL.
>
> 2. That defendant Price allegedly harassed plaintiff and threatened to place him in administrative segregation, in retaliation for plaintiff filing an administrative grievance challenging the denial of confidential attorney calls.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 22, 2012 findings and recommendations (Dkt. No. 34), and the March 22, 2012 order adopting the findings and recommendations (Dkt. No. 35), are vacated in part; the court vacates dismissal of plaintiff's claims (as set forth in his original complaint) that defendants Price, Chavarria, and Rush retaliated against plaintiff for filing his November 9, 2005 administrative grievance.

3. Within thirty days after service of this order, defendants Price, Chavarria, and Rush shall file and serve, in a "Supplemental Memorandum in Support of Motion to Dismiss," defendants' arguments in support of dismissing the above-noted claims; defendants shall include a copy of the attached "Wyatt Notice."

4. Subsequent briefing (opposition and reply) shall comply with the time limitations set forth in Local Rule 230(l).

5. The Clerk of Court is directed to send plaintiff, together with service of this order, one copy each of this court's February 22, 2012 findings and recommendations (Dkt. No. 34), and March 22, 2012 order adopting the findings and recommendations (Dkt. No. 35).

DATED: December 21, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

walk0569.reopen

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.14 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 2012 WL 4094937, at *3 (9th Cir. Sept. 19, 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendants' motion, whether opposed or unopposed, your unexhausted claims will be dismissed.