UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. JAMEL WALKER, | No. 2: 09-cv-0569 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to strike defendants' answer to the second amended complaint. (ECF No. 52.)  Plaintiff's motion is brought pursuant to Federal Rule of Civil Procedure 12(f).  For the reasons stated herein, plaintiff's motion to strike is denied.

Plaintiff moves to strike defendants' answer on grounds that there is insufficient evidence to support the affirmative defenses, the answer does not give plaintiff fair notice of the affirmative defenses alleged, and the affirmative defenses are immaterial and redundant.  Plaintiff specifically challenges the affirmative defenses of claim or issue preclusion, failure to exhaust administrative remedies, failure to comply with the California Government Claims Act, failure to mitigate damages, plaintiff engaged in conduct contributing to his damages, and the statute of limitations.

1

1  Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." SidneyVinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D.Cal. 2003).

The court has broad discretion in disposing of motions to strike. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517 (1994). The court construes motions to strike in the light most favorable to the nonmoving party and will deny the motion if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" United States v. 45.43 Acres of Land Situate in Ada County, Idaho, 2009 WL 1605127 at *2 (D.Idaho June 4, 2009) (quoting United States v. Articles of Food ... Clover Club Potato Chips, 67 F.R.D. 419, 421 (D.Idaho 1975)).

After reviewing defendants' answer (ECF No. 50), the court finds that plaintiff's motion to strike is not well supported. The affirmative defenses in defendants' answer are related to plaintiff's claims and could be held to defeat plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to strike (ECF No. 52) is denied.

Dated: July 24, 2014

Walk569.stri

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2