UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. JAMEL WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | No. 2:09-cv-0569 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, currently incarcerated at Mule Creek State Prison, proceeding in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was retaliated against for exercise of his First Amendment rights. Presently before the court is defendants' motion for summary judgment, to which plaintiff filed a motion to conduct additional discovery. For the reasons set forth below, the court orders defendants to produce copies of any written policies in effect during the pertinent time period regarding the handling of confidential and non-confidential inmate telephone calls, and otherwise denies plaintiff's motion.

I. Procedural Background

This action proceeds on plaintiff's second amended complaint. ("SAC," ECF No. 46.) On June 25, 2014, the court issued a discovery and scheduling order, setting deadlines of October 10, 2014 for concluding discovery and January 5, 2015 for filing pretrial motions other than

1  motions to compel discovery. (ECF No. 51.) On January 21, 2015, in response to defendants'
2  motion, the court issued an order extending the pretrial motion deadline from January 5, 2015 to
3  March 6, 2015. (ECF No. 59.) On March 6, 2015, defendants filed a motion for summary
4  judgment (ECF No. 60), which plaintiff has to date failed to oppose. Accordingly, on July 1,
5  2015, the court issued an order directing plaintiff to file an opposition or statement of non-
6  opposition within thirty days. (ECF No. 61.) In response, on July 23, 2015, plaintiff filed a
7  motion seeking time to conduct additional discovery pursuant to Federal Rule of Civil Procedure
8  56(d). (ECF No. 62.) On August 13, 2015, defendants filed an opposition to plaintiff's Rule
9  56(d) motion. (ECF No. 63.)

10  II.  Standard

11  Rule 56(d) permits a party opposing a motion for summary judgment to request an order
12  deferring the time to respond to the motion and permitting that party to conduct additional
13  discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making
14  such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts
15  essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that
16  further discovery would reveal, and explain why those facts would preclude summary judgment."
17  Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

18  Though the conduct of discovery is generally left to a district court's discretion, summary
19  judgment is disfavored where relevant evidence remains to be discovered, particularly in cases
20  involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988).
21  "Thus[,] summary judgment in the face of requests for additional discovery is appropriate only
22  where such discovery would be 'fruitless' with respect to the proof of a viable claim." Jones v.
23  Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (quoting Klingele, 849 F.2d at 412). "The burden is on
24  the nonmoving party, however, to show what material facts would be discovered that would
25  preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909,
26  914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put
27  forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court
28  does not abuse its discretion by denying further discovery if the movant has failed diligently to

pursue discovery in the past.'" Id. at 914 (quoting California Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)).

III. Analysis

    A. Written policy regarding inmate phone calls

In his second amended complaint, plaintiff contends that defendants retaliated against him for litigating a prior civil rights action, in which he was represented by counsel. See Walker v. Gomez, No. 03:96-cv-0609 (S.D. Cal.). Plaintiff alleges, among other retaliatory acts, that (i) certain defendants unlawfully eavesdropped on confidential telephone calls between plaintiff and his attorneys (SAC ¶¶ 16, 18, 21, 24, 25, 27), and (ii) plaintiff's telephone calls with his attorneys were illegitimately shortened from 30 minutes to 15 minutes. (Id. ¶¶ 28-29, 32-33.) Defendants have moved for summary judgment in their favor on this issue, summarizing their version of the pertinent facts as follows:

> Prison regulations define a "confidential call" as a telephone call between an inmate and his/her attorney, which both parties intend to be private. A non-confidential call between an inmate and his attorney, is where one party does not intend the call to be private. A confidential inmate-attorney call is handled differently than a non-confidential call between an inmate and his attorney.
>
> Non-confidential attorney-inmate calls (and telephonic court appearances) are conducted in the Counselor's Office. During a non-confidential inmate-attorney call, counseling staff will remain in the Counselor's Office throughout the duration of the phone call for safety and security reasons. The Counselor's Office contains a phone, a computer, files containing confidential inmate information, and office supplies that inmates could use to make weapons. The Counselor's Office is normally off-limits to inmates. The Correctional Counselor's presence during non-confidential calls prevents the inmate from stealing items that could be used to make weapons; taking or reading other inmates' files to gain information they can use against them or sell; gaining unauthorized access to the computer; or using the phone to conduct unauthorized calls. Non-confidential calls are limited to thirty minutes.
>
> Confidential inmate-attorney calls may be approved on a case-by-case basis by the institution head or designee only upon written request from an inmate's attorney on the attorney's office letterhead stationery. The date, time, duration, and place where the inmate will make or receive the call, and manner of the call are within the discretion of the institution head or designee. It is within the discretion of the institution head or designee to approve or deny a confidential call. Once approved, confidential inmate-attorney calls are facilitated through the Litigation Coordinator's office, who

3

>notifies the counseling staff of the date and time of the call, and that the call is confidential. During a confidential inmate-attorney call, counseling staff will maintain visual contact of the inmate through the windows into the counseling office throughout the duration of the phone call for the safety and security reasons. Because staff must remain outside the office during the call, and cannot conduct business, confidential inmate-attorney calls are limited to 15 minutes.
>
>[. . .]
>
>Because [plaintiff's] Counsel's letters did not expressly request that [certain identified] calls be confidential, the Litigation Coordinator would have instructed the Correctional Counselor to handle the calls as non-confidential.
>
>[. . .]
>
>Defendants An[a]ya, Rush and Nunez were trained that under the conditions stated in the California Code of Regulations, title 15, section 3282, an inmate is allowed to participate in confidential attorney calls.

(ECF No. 60-1 at 7- 11) (internal citations to defendants' statement of undisputed facts omitted). Defendants contend that plaintiff's attorneys "failed to follow section 3282 and submit a written request for confidentiality for the calls in question. The calls in question were not approved as confidential and [therefore] Defendants did not eavesdrop." (Id. at 24.)

In his Rule 56(d) motion, plaintiff contends that defendants are "claim[ing] for the first time that there is a distinction between 'confidential' and 'non-confidential' calls between an inmate and his/her attorney." (ECF No. 62 at 3.) Plaintiff goes on to state that, in 2005, in an inmate grievance concerning the alleged retaliatory acts, he "requested a copy of the written policy regarding inmate-attorney confidential phone calls." (Id. at 4.) In response, he was "referred . . . to CCR, Title 15 § 3282 as the official policy regarding inmate-attorney confidential phone calls," and "[a]t no time [did he receive] a written policy regarding a distinction between 'confidential' and 'non-confidential' calls between an inmate and his/her attorney" or a "written policy regarding a distinction of 15 minutes for 'confidential' and 30 minutes 'non-confidential' calls between an inmate and his/her attorney." (Id.) Plaintiff also claims that no such distinction is to be found in the text of § 3282 or the pertinent version of the CDCR Department Operations Manual. (Id.) Plaintiff charges defendants with concocting an internal policy after the fact, and

states that he "needs to conduct limited discovery regarding where exactly defendant[s] Nunez and Anaya find[] support to reference this policy in their declarations." (Id.)

In opposition, defendants argue that plaintiff cannot plausibly claim that he was unaware that the prison handled "confidential" and "non-confidential" phone calls differently:

> The distinction between confidential and non-confidential attorney/client calls is implicit in Title 15. Under Title 15, "'a confidential call' means a telephone call between an inmate and his/her attorney, which both parties intend to be private." Cal[.] Code Regs. tit.15 § 3282(a)(2). Thus, a call between an inmate and his attorney that either of the parties does not intend to be private is not a "confidential call." "Confidential calls may be approved on a case-by-case basis by the institution head or designee only upon written request from an inmate's attorney on the attorney's office letterhead stationery." Cal[.] Code Regs. tit.15 § 3282(g)(1). Therefore, the statutes (*sic*) explicitly informs Walker of the possibility of non-confidential attorney/client calls.

(ECF No. 63 at 4.) Defendants also point out that plaintiff's second amended complaint includes an allegation that "[a]ll calls between plaintiff and his attorney were intended to be private, confidential attorney/client communication; and, such privilege and confidentiality were not voluntarily waived by plaintiff or his attorneys" (ECF No. 46 ¶ 14), and that the operative answer denies this allegation (ECF No. 50 at 2:17-18).[1] According to defendants, plaintiff's protests to the contrary notwithstanding, the existence of a published regulation distinguishing between confidential and non-confidential calls, and the denial of the pertinent allegation in the complaint, are sufficient to have put plaintiff on notice of the issue.

In ruling on plaintiff's motion, the court notes that it is hesitant to impute an unwarranted degree of legal sophistication to a pro se prisoner plaintiff. C.f., Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (noting "the complexity of the summary judgment rule combined with the lack of legal sophistication of the pro se prisoner"); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that "our 'obligation' remains, 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any

---

[1] Defendants' other argument, that in their answer, they denied on information and belief plaintiff's allegation that his attorneys sent written requests for confidential communications, has no bearing on the court's decision herein.

5

doubt.'") (quoting Bretz v. Kelman, 773 F.3d 1026, 1027 n. 1 (9th Cir. 1985)).

Nevertheless, the court does not find credible plaintiff's claim that he only became aware of the possibility of a distinction between confidential and non-confidential calls when he was served with defendants' summary judgment motion. Plaintiff himself notes in his moving papers that, in 2005, he "requested a copy of the written policy regarding inmate-attorney confidential phone calls." (ECF No. 62 at 4.) Defendants responded by referring plaintiff to California Code of Regulations title 15, § 3282, which, as codified in 2005, (i) defined a "confidential call" as "a telephone call between an inmate and his/her attorney which both parties intend to be private," and (ii) set forth procedures by which attorneys could obtain approval for placing confidential calls to inmates. Id. In light of these facts, it appears reasonable to infer that plaintiff was aware of the potential existence of a policy governing confidential telephone calls *more than ten years ago*. Nevertheless, plaintiff has, to date, failed to conduct any discovery into the "written policy regarding inmate-attorney confidential phone calls" which he was denied in 2005. In fact, according to defendants, plaintiff failed to conduct any discovery in this action whatsoever. (ECF No. 63 at 6.) Plaintiff also waited more than four months after he was served with defendants' motion for summary judgment (and then, only after the court ordered him to file an opposition or statement of non-opposition) to bring a motion for additional discovery. These facts suggest strongly that plaintiff's belated motion is motivated more by an inability or unwillingness to file an opposition, rather than by any credible late discovery of the distinction between confidential and non-confidential calls.

Under such circumstances, the court will not grant plaintiff time to conduct additional discovery. See Conkle, 73 F.3d at 914 ("'The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'") (quoting California Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990)); Isaacson v. Allstate Ins. Co., 213 F.3d 642 (9th Cir. 2000) ("[A] party seeking a Rule 56(f) continuance must show that it diligently pursued its previous discovery opportunities.").

That said, the court remains mindful both of plaintiff's status as a pro se prisoner litigant, and that the Ninth Circuit "generally disfavor[s] summary judgment where relevant evidence

remains to be discovered," Klingele, 849 F.2d at 412.  Any evidence regarding the alleged policy may prove material to the summary judgment motion.  Plaintiff has alleged that defendants unduly shortened his phone calls out of retaliatory animus.  The presence or absence of a policy regarding the length of phone calls goes directly to whether defendants, in determining the length of plaintiff's phone calls, were freely exercising their discretion or merely applying a neutral pre-existing policy.  Fed. R. Evid. 401.  Rule 56(d) grants the court the power to "issue any . . . appropriate order" required to address a party's inability to "present facts essential to justify its opposition . . . ."  Id.  Accordingly, the court will order defendants to produce for plaintiff a copy of any written policy in place at Calipatria State Prison during the relevant time period.  Plaintiff will then be required to promptly file either an opposition to the pending motion for summary judgment or a statement of non-opposition; the court will entertain no further motions for additional discovery or for extensions of time in which to respond from plaintiff.

   B.  Alleged confidential memorandum in plaintiff's central file

   Plaintiff also seeks an order granting plaintiff access to a confidential memorandum, purportedly in his central file, allegedly written by one Correctional Lieutenant J. J. Santana on or about November 26, 2005.  According to plaintiff, the memorandum identifies a particular inmate as an enemy of plaintiff.  (ECF No. 62 at 2, 5.)  Plaintiff claims that this memo will reveal "the name of the inmate and reasons this inmate was placed in segregation for planning to assault plaintiff."  (Id. at 5.)

   In his second amended complaint, plaintiff alleges as follows: "Unbeknownst to plaintiff, on 11/26/05, an investigation was commenced by Lt. J. J. Santana that[] a particular inmate was intending to assault plaintiff.  At the conclusion of his investigation, Lt. Santana placed the inmate in segregation."  (ECF No. 46 at 9.)  Plaintiff then alleges the existence of a retaliatory conspiracy among certain defendants to return the inmate in question to be housed in a facility with plaintiff.  (Id. at 9-10.)  Defendants move for summary judgment in their favor on this claim, arguing that plaintiff lacks any evidence of a conspiracy to place an enemy in plaintiff's prison yard.  (ECF No. 60-1 at 18-19.)

////

7

1 Defendants have provided a declaration, made under penalty of perjury, by one
2 R. Giovacchini, described as the Litigation Coordinator at Mule Creek State Prison. (See ECF
3 No. 63-1.) Giovacchini avers that (s)he is "duly authorized to access files and records at this and
4 other CDCR institutions." (Id. at 1.) Giovacchini then goes on to state as follows:

> The Attorney General's office requested I review the Confidential File of inmate K. Jamel Walker (D-92260) to locate an investigative report by Lieutenant J. J. Santana issued on or about Saturday, November 26, 2005, concerning an inmate that planning (sic) to assault inmate Walker. I conducted a diligent review of Walker's Confidential File and there are no investigative reports by Lieutenant J. J. Santana (or any other staff) issued on or about November 26, 2005, concerning an inmate that planning (sic) to assault inmate Walker.

(sic) (Id. at 2.)

Federal Rule of Civil Procedure 11 requires that an attorney "presenting to the court a . . . paper . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that]: . . . (3) the factual contentions have evidentiary support . . . and (4) the denials of factual contentions are warranted on the evidence . . . ." Fed. R. Civ. P. 11(b). In light of Rule 11 – particularly given that plaintiff has offered nothing that would lead the court to doubt the veracity of the Giovacchini declaration – the court must accept the representation that the memo which plaintiff seeks does not exist. As the court cannot order defendants to produce for plaintiff a nonexistent document, plaintiff's motion will be denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days of the filing of this order, defendants are directed to serve plaintiff with (i) copies of all written documents setting forth any policy or policies in effect at Calipatria State Prison during the period between August 1, 2005, and December 31, 2005, regarding the handling of inmates' confidential and non-confidential telephone calls, or, if there are no documents responsive to this order, (ii) a statement to that effect that also details the efforts made to obtain these documents. In either case, defendants are further directed to promptly file and serve a

8

notice of compliance with this order.  Plaintiff's motion for additional discovery (ECF No. 62) is otherwise denied.

2. Plaintiff is directed to file an opposition or statement of non-opposition to defendants' motion for summary judgment (ECF No. 60) no later than December 31, 2015. Defendants' reply, if any, is due seven days after electronic docketing of plaintiff's opposition.

3. Plaintiff may not file any further motions for additional discovery or requests for extensions of time in connection with the pending summary judgment motion, and any such requests will be denied.

Dated:  October 30, 2015

walk0569.disc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE